IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

EIKO JONES,

      Petitioner,

v.                                                                      CIVIL ACTION NO.: 3:22-CV-184
                                                                     (GROH)

ACTING WARDEN NUNLEY,

      Respondent.

**ORDER ADOPTING IN PART
THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Now before the Court is a Report and Recommendation ("R&R") entered by United States Magistrate Judge Robert W. Trumble. ECF No. 6. Pursuant to the Local Rules of Prisoner Litigation Procedure, this action was referred to Magistrate Judge Trumble for submission of an R&R. In his R&R, Magistrate Judge Trumble recommends this Court dismiss without prejudice this action and the Petitioner's Petition for Habeas Corpus Pursuant to 28 U.S.C. § 2241 [ECF No. 1]. Id. at 14. For the below reasons, the Court adopts in part the R&R.

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a *de novo* review of the magistrate judge's findings where objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge to which no objection is made. Thomas v. Arn, 474 U.S. 140, 150 (1985). *Pro se* filings must be liberally construed and held to a less stringent standard than those drafted by licensed attorneys, but courts are not required to create objections where none exist. Haines v. Kerner, 404 U.S. 519, 520 (1972); Gordon v. Leeke, 574 F.2d

1147, 1151 (4th Cir. 1971). Failure to file timely objections constitutes a waiver of *de novo* review and of a petitioner's right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984).

The Petitioner accepted service of the R&R on September 24, 2024. ECF No. 9. To date, the Petitioner has not filed any objections. The Court will therefore review the R&R for clear error. See Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 316 (4th Cir. 2005). "When performing such a 'clear error' review, 'the [C]ourt need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Williams v. N.Y. State Div. of Parole, 2012 WL 2873569, *3 (N.D.N.Y. July 12, 2012) (quoting Fed. R. Civ. P. 72(b) advisory committee notes to 1983 addition).

The R&R recommends this case and the Petition be dismissed without prejudice for two reasons. First, the R&R finds the Court lacks subject matter jurisdiction because the Petitioner failed to exhaust his administrative remedies prior to filing this action. ECF No. 6 at 5–10. Second, the R&R reasons that, even if the Petitioner had exhausted his administrative remedies, he would still not be entitled to the relief he seeks because claims regarding location of incarceration and/or custody classification are not properly raised under § 2241. Id. at 10–14.

Upon careful review, the Court finds the R&R clearly erred in its first reason. See Anderson v. XYZ Corr. Health Servs., Inc., 407 F.3d 674, 677–78 (4th Cir. 2005) (holding "§ 1997e(a)'s exhaustion requirement is not a jurisdictional requirement."), abrogated on other grounds by Custis v. Davis, 851 F.3d 358 (4th Cir. 2017); see also Moore v.

Bennette, 517 F.3d 717, 725 (4th Cir. 2008) ("inmates need not plead exhaustion, nor do they bear the burden of proving it.").

Finding no other clear error on the face of the record, the R&R [ECF No. 6] is hereby **ADOPTED IN PART**. Specifically, the R&R is **ADOPTED as to all EXCEPT its conclusion that the Court lacks subject matter jurisdiction because the Petitioner failed to exhaust his administrative remedies**. Accordingly, this action is **DISMISSED WITHOUT PREJUDICE** and **ORDERED STRICKEN** from the Court's active docket.

The Clerk of Court is **DIRECTED** to transmit copies of this Order to the Petitioner by certified mail, return receipt request, at his last known address.

**DATED**: November 19, 2024

GINA M. GROH
UNITED STATES DISTRICT JUDGE

3